UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-7832 CAS (AJWx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Stratton Barbee | Timothy Kral |

**Proceedings:** **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** (filed 09/27/10)

## I. INTRODUCTION

Plaintiff filed the instant complaint on November 2, 2009 against defendants the County of Los Angeles (the "County"); Deputy Sheriff Alejandro Bocanegra ("Deputy Bocanegra"); Deputy Sheriff Jeffrey Alvarado ("Deputy Alvarado"); and Deputy Sheriff Erik Serrano ("Deputy Serrano"). The complaint alleges claims: (1) against Deputy Bocanegra for battery; (2) against Deputy Bocanegra for intentional infliction of emotional distress; (3) against Deputy Bocanegra for violations of his federal civil rights pursuant to 42 U.S.C. § 1983; (4) against Deputy Bocanegra for violations of his state civil rights pursuant to Cal. Civ. Code § 52.1; (5) against Deputy Alvarado and Deputy Serrano for false arrest; (6) against Deputy Alvarado and Deputy Serrano for violations of his federal civil rights pursuant to 42 U.S.C. § 1983; (7) against Deputy Alvarado and Deputy Serrano for violations of his state civil rights pursuant to Cal. Civ. Code § 52.1; (8) against Deputy Alvarado and Deputy Serrano for intentional infliction of emotional distress; and (9) against the County based on a theory of vicarious liability for the conduct of its employees pursuant to Cal. Gov. Code § 6254(f). On September 27, 2010, plaintiff filed the instant motion for partial summary judgment as to liability of defendants Deputy Alvarado and Deputy Serrano on his fifth, sixth, and seventh claims. On October 4, 2010, defendants filed an opposition to plaintiff's motion. On October 11, 2010, plaintiff filed a reply. Having carefully considered the arguments of the parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### III.   DISCUSSION

The claims addressed in plaintiff's instant motion arise out of a traffic stop conducted by Deputy Alvarado and Deputy Serrano on August 15, 2008. Mot. at 3. During that stop, deputies Alvarado and Serrano arrested plaintiff on suspicion that he had taken the vehicle he was driving without the owner's consent in violation of Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

Vehicle Code § 10851(a)(1). Id. Plaintiff argues that he is entitled to summary judgment on the liability of deputies Alvarado and Serrano with respect to his fifth through seventh claim for relief because they did not have probable cause to arrest him. Id. at 5.

At the time of the stop, plaintiff was driving a 2000 Cadillac Eldorado on Doty Avenue in the City of Inglewood. Plaintiffs' Statement of Uncontroverted Facts ("PUF") ¶ 1. At the time of the stop, plaintiff was questioned as to the owner of the vehicle. Id. at ¶ 2. Plaintiff asserts that at the time of the stop, his girlfriend, Shaconda Thomas, was the registered owner of the vehicle, and that she had given him permission to drive the vehicle. Id. at ¶¶ 4, 5. Plaintiff told the deputies that the vehicle belonged to his girlfriend, and that he was listed as an authorized driver of the vehicle on the insurance policy. Id. at ¶¶ 3,6. "The deputies did not observe any signs that someone had broken into the vehicle." Id. at 10. "The vehicle had not been reported stolen." Id. at 8. "Plaintiff had an ignition key for the vehicle." Defendants' Statement of Genuine Issues ("DSGI") at ¶ 4.

According to defendants, however, "[t]he CLETS information obtained by defendants from the computer in their patrol car at the time they conducted the traffic stop of plaintiff on August 15, 2008, indicated that the registration in the name of Shaconda Thomas had been suspended and that the registered owner of the vehicle was Mario Raman." Id. They further assert that "plaintiff admits that at the time he was stopped by the deputies that he told the deputies that 'Mario' either had purchased or was in the process of purchasing the vehicle," but that "he or Shaconda had decided to keep the vehicle because Mario had not paid." Id. at ¶ 35. "Before making the decision to arrest plaintiff, the deputies had another patrol car go to [the address] where the vehicle was registered to Mario Raman, but those deputies were unable to locate Mario Raman." Id. at ¶ 46. According to defendants, "[a] passenger in the vehicle, Augusta Foster, told deputies that he had known plaintiff for a couple of months, but could not recall plaintiff ever driving the vehicle before." Id. at ¶ 41. Based on the circumstances, according to defendants, "[t]he deputies formed the opinion that plaintiff had either taken back the vehicle in retaliation for nonpayment or illegally took the vehicle for an unknown third party, and was driving the vehicle without the owner's consent." Id. at ¶ 47.

Under federal law, probable cause to arrest exists when "the facts and circumstances within [the officers'] knowledge and of which they had reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

trustworthy information [at the time of the arrest] were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). California cases have framed the standard for probable cause as "when the facts known to the arresting officer would lead a person of ordinary care and prudence to entertain an honest and strong suspicion that the person arrested is guilty of a crime." People v. Price, 1 Cal. 4th 324, 410 (1991). Plaintiff argues that he is entitled to summary judgment on the basis that there was no probable cause to arrest him, and therefore the arrest was a violation of his Fourth Amendment rights and a violation of his rights under the California Constitution. Mot. at 5.

Defendants, in opposition, argue that to the extent plaintiff is requesting summary judgment on his claims, rather than solely on the issue of liability, he is not entitled to summary judgment because he has not presented any evidence of damages, an essential element of the claims. Opp. at 6-7. Moreover, defendants argue that plaintiff is not entitled to summary judgment on the issue of liability, and, in fact, that defendants are entitled to summary judgment in their favor with respect to claims five through seven, because the evidence demonstrates that there was probable cause for defendants to arrest plaintiff for a violation of Cal. Vehicle Code § 10851, and therefore that there was no violation of his civil rights.[1] Id. at 10, 17. Defendants further argue that they are entitled to summary judgment with respect to plaintiff's claim under Cal. Civ. Code § 52.1 because "plaintiff cannot produce any evidence of threats of violence or coercion against him by defendants Alvarado and Serrano." Id. at 15-16. Defendants also argue that they are entitled to summary judgment on qualified immunity grounds, because "a reasonable government official [in the position of the arresting officers] could have believed that his conduct was lawful, in light of clearly established law and the information he possessed." Id. at 19, citing Anderson v. Creighton, 483 U.S. 635, 642 (1987). According to

---

[1]Defendants further argue that even if "there was no probable cause to arrest plaintiff for a violation of California Vehicle Code §10851, there was still probable cause to arrest plaintiff on the outstanding warrant [on a marijuana-related offense]." Opp. at 9-10. See also DSGI at ¶ 12 (noting that the "marijuana warrant charge was added to the booking form). However, according to the CLETS record submitted by defendants, the officers were specifically instructed not to "arrest/book based on this warrant." See Exh. A to Kral Decl. at 15:24:02.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

defendants, they are entitled to summary judgment with respect to plaintiff's eighth claim as well because it "also arises out of the arrest." Id. at 20.

The Court finds that there is a disputed question of fact as to the knowledge of the deputies at the time of the arrest and the question of whether or not there was probable cause for the arrest. "The concept [of probable cause] is a fluid one–turning on the assessment of probabilities in a particular factual context," and the Court finds that it is not possible to make a determination based on the current record. Wood v. Emmerson, 155 Cal. App. 4th 1506,1525 (Cal. Ct. App. 2008). Therefore, the Court finds it inappropriate to grant summary judgment for either party on these grounds.[2]

However, the Court finds that summary judgment is appropriate in favor of the deputies on plaintiff's § 1983 claim on the basis of qualified immunity. See Ramirez v. Buena Park, 560 F. 3d 1012, 1024 (9th Cir. 2009) (recognizing that "the existence of probable cause necessarily turns upon the particular facts of the individual case," and declining to reach the question of whether there was probable cause for the arrest in question, while finding that qualified immunity was appropriate because "a reasonable officer would not have clearly known that his conduct was unlawful under these circumstances").

"In analyzing a qualified immunity defense, the Court must determine: (1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and (2) whether the right was clearly established when viewed in the specific context of the case." Hendrickson v. Thurston County, 2008 WL 5186538 at * 8 (W.D. Wash. Dec. 10, 2008). The Court may reach the second prong first to determine the issue of qualified immunity. Ramirez, 560 F. 3d at 1024, citing Pearson v. Callahan, 129 S.Ct. 808, 818 (2009). "The dispositive inquiry in considering the second prong is whether it would be clear to a reasonable official that the conduct was unlawful in the specific situation presented. Saucier, 533, U.S. at 202 (citations omitted). The qualified immunity standard 'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate

---

[2]Because the Court does not rely on the evidence objected to by defendants in reaching this conclusion, it denies defendants' objections as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

the law.' Hunter v. Bryant, 502 U.S. 224, 227 (1991)." Burnett v. Faecher, 2009 WL 2007118 (C.D. Cal. July 6, 2009). "In the context of a warrantless search, a police officer may assert qualified immunity even when probable cause is absent, so long as the officer was objectively reasonable in concluding that probable cause existed." Hendrickson, 2008 WL 5186538 at *9. "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial.' Indeed, we have made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery. Accordingly, 'we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" Pearson, 129 S.Ct. at 815 (internal citations omitted).

The Court concludes that while it is not possible to make the highly fact-intensive determination of whether there was probable cause for the arrest on the existing record as a matter of law, it is proper to find the officers qualifiedly immune at this stage. The facts known to the officers at the time of the arrest "could lead a reasonable officer confronted with the same situation to believe probable cause existed to arrest" plaintiff. Ramirez, 560 F. 3d 1012 at 1024. The officers retrieved information from CLETS that, based on their experience, indicated that Mario Raman was the registered owner of the vehicle. Serrano Decl. at ¶¶ 3,4; Alvarado Decl. at ¶¶ 3,4; CLETS report at 15:26:39. The plaintiff "did not know 'Mario's' last name and could not provide his address or any contact information for him." Deputy Serrano's response to plaintiff's interrogatory No. 10. "The passenger in the Cadillac said that he had known Mr. Dubose for a couple of months, but could not recall Dubose ever driving the Cadillac before. . . . When asked if he would wait so [one of the deputies could contact the registered owner], Mr. Dubose looked [to Deputy Serrano to be] very nervous and appeared reluctant." Id. While the Court recognizes that other evidence exists that tends to support the conclusion that Mr. Dubose was within his rights to be driving the car at the time of the arrest and may support the conclusion that under the totality of the circumstances, there was not probable cause for the arrest, "a reasonable officer in [Deputy Serrano and Deputy Alvarado's] position would not have clearly known that his conduct was unlawful under these circumstances." Ramirez, 560 F. 3d at 1024. Therefore, the Court grants defendants Deputy Alvarado and Deputy Serrano summary judgment on the issue of qualified immunity with respect to plaintiff's § 1983 claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

However, qualified immunity does not extend to plaintiff's state claims based on the same conduct. "California law is clear that '[t]he doctrine of qualified governmental immunity is a federal doctrine that does not extend to state tort claims against government employees.'" Cousins v. Lockyer, 568 F. 3d 1063, 1072 (9th Cir. 2009), quoting Venegas v. County of L.A., 153 Cal. App. 4th 1230 (2007). See also Robinson v. Solano County, 278 F. 3d 1007 (9th Cir. 2002) (en banc) (finding qualified immunity with respect to asserted § 1983 claims but not with respect to California state claims because under California law "[p]ublic employees are . . . not entitled to immunity in suits for false arrest or false imprisonment"). Defendants argue that they are entitled to summary judgment on all of plaintiff's claims against them on the grounds of qualified immunity because the evidence demonstrates that they had probable cause to arrest. The Court concludes that it cannot determine as a matter of law on the current record whether there was probable cause to make the arrest. Furthermore, defendant cannot successfully assert federal common law qualified immunity as to these claims, and as defendants do not suggest any statutory basis on which they might have immunity as to these claims, the Court does not reach that question.

The Court further finds that defendants are not entitled to summary judgment on plaintiff's state civil rights claim pursuant to Cal. Civ. Code § 52.1. The Court is persuaded by the reasoning of Moreno v. Town of Los Gatos, 267 Fed. Appx. 665, 666 (9th Cir. 2008) (unpublished) and Cole v. Doe 1 Thru 2 Officers of the City of Emeryville Police Department, 387 F. Supp. 2d 1084, 1103 (N.D. Cal. 2005) ("Use of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by 'threat[], intimidation, or coercion' if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search"), and finds that plaintiff's arrest may have coercively interfered with his constitutional rights.

## IV. CONCLUSION

In light of the foregoing, the Court DENIES plaintiff's request for partial summary judgment. The Court also declines to enter summary judgment *sua sponte* in favor of the defendants, except with respect to plaintiff's sixth cause of action, as to which the Court GRANTS summary judgment in favor of Deputies Serrano and Alvarado on qualified immunity grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | October 25, 2010 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

IT IS SO ORDERED.

00 : 12

Initials of Preparer   CMJ