UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): ORDER RE: BURDEN OF PROOF ON PROBABLE CAUSE** (filed 7/19/11)

As ordered at the final pretrial conference, held July 7, 2011, plaintiff and defendants submitted the instant briefs on July 19, 2011, regarding the burden of proof on the issue of probable cause. Plaintiff argues that "plaintiff bears the burden of proving that his detention and arrest were made without a warrant. If plaintiff meets this burden of proof, then his seizure was unreasonable, at which point the defense bears the burden of proving that an exception to the warrant requirement applies." Plaintiff's Brief at 2-3. Defendants argue that the issue of probable cause for arrest without a warrant is a question of law to be decided by the trial court. Defendants argue that where, as here, "the facts giving rise to the arrest are disputed . . . the Court must instruct the jury as to what facts, if established, constitute probable cause." Defendants' brief at 1. Defendants argue that their "special instruction no. 11, based on CACI 1402 . . . properly focuses upon the facts known to defendants Alvarado and Serrano at the time of their arrest of the plaintiff." Id. at 2. Defendants assert that "it is the province of the Court to determine which of these aforementioned disputed facts, separately or in various combinations, the jury is to be instructed to resolve so that the Court can then determine the issue of probable cause." Id. at 3.

The law is clear that "[i]n a civil action for false arrest, once a plaintiff establishes an arrest without a warrant, followed by imprisonment and damages, the burden shifts to the defendant[s] to show a justification for the arrest." Levin v. United Airlines, 158 Cal. App. 4th 1002, 1018 (2008). It is additionally clear that when "the facts that give rise to the arrest are controverted, the trial court must instruct the jury as to what facts, if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

established, would constitute probable cause." Id. The parties do not appear to dispute these basic rules.

The parties' arguments appear to be primarily directed at their respective eleventh proposed jury instructions. According to the final pretrial conference order, approved by this Court on July 11, 2011, the issue of probable cause to arrest is relevant only to plaintiff's false arrest claim. With respect to this claim, the parties appear to agree that the relevant pattern jury instructions are CACI §§ 1401-1402.[1] The Court intends to give the following instruction with respect to the affirmative defense of probable cause to arrest (Jury Instruction #11):

> Deputy Jeffrey Alvarado and Deputy Erika Serrano claim the arrest was not wrongful because they had the authority to arrest plaintiff without a warrant.

---

[1] Section 1401, entitled "False Arrest Without Warrant by Peace Officer–Essential Factual Elements," reads: "[Name of plaintiff] claims that [he/she] was wrongfully arrested by [name of defendant]. To establish this claim, [name of plaintiff must prove all of the following: (1) That [name of defendant] arrested [name of plaintiff] without a warrant; (2) That [name of plaintiff] was [actually] harmed; and (3) That [name of defendant]'s conduct was a substantial factor in causing [name of plaintiff]'s harm." CACI § 1401. The directions for use indicate that the instruction at § 1402 be given immediately after this instruction, if applicable. Section 1402, entitled "False Arrest Without Warrant–Affirmative Defense–Peace Officer–Probable Cause to Arrest," reads: "[Name of defendant] claims the arrest was not wrongful because [he/she] had the authority to arrest [name of plaintiff] without a warrant. [If [name of defendant] proves that [insert facts that, if proved, would constitute reasonable cause to believe that plaintiff had committed a crime in defendant's presence], then [name of defendant] had the authority to arrest [name of plaintiff] without a warrant.] [or] [If [name of defendant] proves that [insert facts that, if proved would established that defendant had reasonable cause to believe that plaintiff had committed a felony, whether or not a felony had actually been committed], then [name of defendant] had the authority to arrest [name of plaintiff] without a warrant.]" CACI § 1402.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | July 25, 2011 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

Deputy Alvarado and Serrano contend that they arrested plaintiff on suspicion of violating California Vehicle Code § 10851(a), which states: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense."

If Deputy Alvarado and Deputy Serrano prove that they reasonably believed at the time of the arrest that :

(1) Mr. Dubose did not own the vehicle he was operating; and
(2) Mr. Dubose had taken or was driving the vehicle without the consent of the owner of the vehicle;

then Deputy Alvarado and Deputy Serrano had the authority to arrest Mr. Dubose without a warrant.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |