1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  STEPHEN ARTHUR DUBOSE,           )   Case No.: CV09-07832 CAS (AJWx)
                                     )
12                    Plaintiff,     )
                                     )   **JUDGMENT**
13  v.                               )
                                     )
14  COUNTY OF LOS ANGELES;           )
    ALEJANDRO BOCANEGRA; JEFFREY     )
15  ALVARADO; and ERIKA SERRANO      )
                                     )
16                    Defendants.    )
    _____  )

17

18                    **<u>PRETRIAL PROCEEDINGS</u>**

19

20          During the course of this lawsuit, this Court entered various rulings concerning

21  the claims of plaintiff STEPHEN ARTHUR DUBOSE ("plaintiff") including, but not

22  limited to, dispositive motions filed by defendants COUNTY OF LOS ANGELES

23  ("the COUNTY"), ALEJANDRO BOCANEGRA ("Bocanegra"), JEFFREY

24  ALVARADO ("Alvarado") and ERIKA SERRANO ("Serrano") (collectively

25  "defendants").

26          On April 8, 2011, the Court granted defendants' motion for partial summary

27  judgment with respect to plaintiff's ninth cause of action to the extent that it alleged a

28  <u>Monell</u> claim against the COUNTY.

## **TRIAL**

This action came on regularly for trial on July 26, 2011, in Courtroom 5 of the United States District Court, the Honorable Christina A. Snyder, presiding.  Plaintiff appeared by Attorney Stratton S. Barbee.  Defendants appeared by Attorney Timothy J. Kral.

A jury of eight persons was regularly empaneled and sworn.  Witnesses were sworn and testified.  After hearing the evidence, and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special issues.  With respect to the balance of plaintiff's claims, the jury deliberated and returned the following verdict in favor of defendants and against plaintiff on August 8, 2011:

## **SPECIAL VERDICT**

**ISSUE 1:    4th Amendment – Vehicle Stop**

1.      Did Deputy Alvarado and/or Deputy Serrano act unreasonably by stopping plaintiff because of Vehicle Code violations?

Deputy Alvarado          YES_____          NO __X___

Deputy Serrano           YES _____          NO __X___

**ISSUE 2:    California "Bane Act" — Vehicle Stop and Arrest of Plaintiff**

2.      Did Deputy Alvarado and/or Deputy Serrano interfere with plaintiff's right to be free from unreasonable seizure by threatening or committing violent acts?

Deputy Alvarado          YES_____          NO __X___

Deputy Serrano           YES _____         NO __X___

**ISSUE 3:   False Arrest**

3.      Did Deputy Alvarado and/or Deputy Serrano intentionally cause plaintiff to be wrongfully arrested pursuant to a warrant?

Deputy Alvarado          YES_____          NO ___X__

Deputy Serrano           YES _____         NO ___X__

If your answer to Question No. 3 is "yes" for one or both deputies, then answer Question No. 4.  If you answered "no" for both deputies, answer no more questions on this issue, and proceed to Question 5.

4.      Did Deputy Alvarado and/or Deputy Serrano, based on the facts and circumstances known to them at the time, reasonably believe that Mr. Dubose was driving the vehicle without the consent of the owner?

Deputy Alvarado          YES_____          NO _____

Deputy Serrano           YES _____         NO _____

**ISSUE 4:   4th Amendment – Excessive Force**

5.      Did Deputy Bocanegra  use unreasonable force upon plaintiff?

YES _____          NO _____

///      (The Jury did not reach a verdict on this claim.)

**ISSUE 5:     California "Bane Act" — Excessive Force**

6.     Did Deputy Bocanegra  use unreasonable force upon plaintiff?

        YES _____        NO ___X___

**ISSUE 6:     Battery by a Peace Officer**

7.     Did Deputy Bocanegra  use unreasonable force upon plaintiff?

        YES _____        NO ___X___

**ISSUE 7:     14th Amendment – Medical Care**

8.     Did Deputy Bocanegra know of plaintiff's serious medical  need and deliberately fail to take reasonable measures to address it?

        YES _____        NO ___X___

**ISSUE 8:     Intentional Infliction of Emotional Distress**

9.     Did Deputy Alvarado, Deputy Serrano, and/or Deputy Bocanegra intentionally cause plaintiff to suffer severe emotional distress by engaging in outrageous conduct?

        Deputy Alvarado        YES_____        NO __X___
        Deputy Serrano         YES _____       NO __X___
        Deputy Bocanegra       YES _____       NO __X___

**ISSUE 9:    Damages**

10.    If your answer was "yes" in response to Questions 1, 2, 3, 5, 6, 7, 8, or 9 of this special verdict form, or if your answer was "no" in response to Question 4 of this special verdict form, what are plaintiff's damages, if any?

Past emotional pain and suffering          $_____

Past physical pain and suffering           $_____

If you did not award damages to plaintiff in response to Question No. 10, please date, sign, and return the form to the clerk. If you awarded damages to plaintiff, respond to Question No. 11.

11.    If you decide that  Deputy Alvarado's or Deputy Serrano's or Deputy Bocanegra 's conduct caused damage to plaintiff, did plaintiff prove by clear and convincing evidence that Deputy Alvarado or Deputy Serrano or Deputy Bocanegra acted with malice, oppression, or in reckless disregard of plaintiff's rights, entitling plaintiff to punitive damages?

Deputy Alvarado        YES_____        NO _____

Deputy Serrano         YES _____       NO _____

Deputy Bocanegra       YES _____       NO _____

Please date, sign, and return this form to the clerk.

Dated:  _August 8, 2011                Signed:_____/s/_____

                                        Presiding Juror

///

## POST-VERDICT MOTION

On February 7, 2012, the Court denied defendants' motion for judgment as a matter of law, and ordered a new trial as to plaintiff's §1983 claim and plaintiff's claim for battery by a peace officer.

## RETRIAL

This action came on regularly for trial on March 27, 2012, in Courtroom 5 of the United States District Court, the Honorable Christina A. Snyder, presiding. Plaintiff appeared by Attorney Stratton S. Barbee.  Defendants appeared by Attorney Timothy J. Kral.

A jury of eight persons was regularly empaneled and sworn.  Witnesses were sworn and testified.  After hearing the evidence, and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special issues.  With respect to the balance of plaintiff's claims, the jury deliberated and returned the following verdict in favor of plaintiff and against defendant on March 30, 2012:

1.    Did Deputy Bocanegra  use unreasonable force upon plaintiff?

YES ___X___    NO _____

2.    If your answer was "yes" in response to Question 1 of this special verdict form, what are plaintiff's damages, if any?

Past emotional pain and suffering          $___0_____
Past physical pain and suffering          $__2,000.00_

If you did not award damages to plaintiff in response to Question No. 2, please date, sign, and return the form to the clerk. If you awarded damages to plaintiff, respond to Question No. 3.

3.     If you decide that  Deputy Bocanegra 's conduct caused damage to plaintiff, did plaintiff prove by a preponderance of the evidence that Deputy Bocanegra acted with malice, oppression, or in reckless disregard of plaintiff's rights, entitling plaintiff to punitive damages?

Deputy Bocanegra YES _____        NO __X____

Please date, sign, and return this form to the clerk.

Dated: March 30, 2012              Signed:_____/s/_____

Presiding Juror

THEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

1.     Judgment is entered in favor of plaintiff STEPHEN ARTHUR DUBOSE and against defendant ALEJANDRO BOCANEGRA in the amount of $2,000.00 (two thousand dollars), and that plaintiff STEPHEN ARTHUR DUBOSE shall recover his costs against defendant ALEJANDRO BOCANEGRA pursuant to a memorandum of costs to be filed by plaintiff STEPHEN ARTHUR DUBOSE.

2.     Judgment is entered in favor of defendants JEFFREY ALVARADO and ERIKA SERRANO and against plaintiff STEPHEN ARTHUR DUBOSE, and that defendants JEFFREY ALVARADO and ERIKA SERRANO shall recover their costs

///

1     against plaintiff STEPHEN ARTHUR DUBOSE pursuant to a memorandum of costs

2     to be filed by defendants JEFFREY ALVARADO and ERIKA SERRANO.

3

4     Dated: April 30, 2012                 _____

                                        Hon. Christina A Snyder

5                              United States District Court Judge

6

7     Submitted By:

8     Timothy J. Kral, Esq. (State Bar No. 200919)

       **MANNING & KASS**

9     **ELLROD, RAMIREZ, TRESTER** LLP

       15th Floor at 801 Tower

10    801 South Figueroa Street

       Los Angeles, CA 90017

11    Telephone: (213) 624-6900

       Facsimile: (213) 624-6999

12    tjk@manningllp.com

13    Attorneys for Defendants COUNTY OF LOS ANGELES, ALEJANDRO

       BOCANEGRA, JEFFREY ALVARADO and ERIKA SERRANO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28