UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Stratton Barbee | Mark Herskovitz |
| | Timothy Kral |

**Proceedings:**   **Plaintiff's Motion for Attorneys' Fees** (filed 05/14/12)

## I.   INTRODUCTION AND BACKGROUND

On November 2, 2009, plaintiff Stephen Dubose filed the instant action against defendants the County of Los Angeles (the "County"); Deputy Sh.eriff Alejandro Bocanegra ("Deputy Bocanegra"); Deputy Sheriff Jeffrey Alvarado ("Deputy Alvarado"); and Deputy Sheriff Erik Serrano ("Deputy Serrano"). On May 25, 2010, plaintiff filed a first amended complaint ("FAC"). The FAC alleged claims: (1) against Deputy Bocanegra for battery; (2) against Deputy Bocanegra for intentional infliction of emotional distress; (3) against Deputy Bocanegra for violations of his federal civil rights pursuant to 42 U.S.C. § 1983; (4) against Deputy Bocanegra for violations of his state civil rights pursuant to Cal. Civ. Code § 52.1("Bane Act"); (5) against Deputy Alvarado and Deputy Serrano for false arrest; (6) against Deputy Alvarado and Deputy Serrano for violations of his federal civil rights pursuant to 42 U.S.C. § 1983; (7) against Deputy Alvarado and Deputy Serrano for violations of his state civil rights pursuant to Cal. Civ. Code § 52.1; (8) against Deputy Alvarado and Deputy Serrano for intentional infliction of emotional distress; and (9) against the County based on a theory of vicarious liability for the conduct of its employees pursuant to Cal. Gov. Code § 6254(f). The claims arose out of a traffic stop and arrest conducted by Deputy Alvarado and Deputy Serrano on August 15, 2008, and plaintiff's alleged treatment while in custody. FAC at 3-5.

On April 7, 2011, the Court granted defendants' motion for partial summary judgment as to plaintiff's ninth claim to the extent it alleged a <u>Monell</u> violation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

Trial commenced on July 26, 2011.  On August, 8, 2011, the jury reached a verdict in favor of defendants on all of plaintiff's claims, with the exception of plaintiff's claim against Deputy Bocanegra for a violation of 42 U.S.C. § 1983.  On that count, the jury was unable to reach a verdict.  Specifically, as to Deputy Bocanegra, the jury failed to answer Special Verdict Form issue four regarding excessive force under the Fourth Amendment: "Did Deputy Bocanegra use unreasonable force upon plaintiff?"  The Court discharged the jury on August 8, 2011.

On February 7, 2012, the Court denied defendants' motion for judgment as a matter of law, and ordered a new trial as to plaintiff's § 1983 claim against Deputy Bocanegra as well as plaintiff's claim for battery by a peace officer against Deputy Bocanegra.

The second trial in this action began on March 27, 2012.  On March 30, 2012, at the conclusion of this trial, the jury found that Deputy Bocanegra had used unreasonable force against plaintiff and awarded plaintiff $2,000 in damages for past physical pain and suffering.  The Court entered judgment on April 30, 2012.

On May 14, 2012, plaintiff filed the instant motion for an award of attorneys' fees. Defendants filed their opposition on May 24, 2012.[1]  Plaintiff filed his reply on May 28, 2012.  The Court heard oral argument on June 11, 2012.  After considering the parties' arguments, the Court finds and concludes as follows.

---

[1] On May 16, 2012, Deputy Bocanegra filed an objection to plaintiff's motion and requested that the Court strike plaintiff's moving papers.  Deputy Bocanegra's primary contention is that because judgment was entered on April 30, 2012, plaintiff, who submitted his motion on May 15, 2012, failed to meet the requirements of Federal Rule of Civil Procedure 54(d)(2)(B) and Local Rule 54-12 that a motion for attorneys' fees be filed within 14 days after the entry of judgment.  The Court overrules Deputy Bocanegra's objection.  Although plaintiff's motion was filed more than 14 days after the entry of judgment, Rule 54 and Local Rule 54-12 each provide an exception if the court so orders.  The Court finds that plaintiff's late filing did not prejudice Deputy Bocanegra, who was permitted three extra days to file his opposition, and therefore declines to strike plaintiff's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|----------|----------------------|------|---------------|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

## II.   LEGAL STANDARD

42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (internal quotations and citations omitted). In applying the "special circumstances" exception, the Court focuses on 2 factors: (1) whether allowing attorneys' fees would further the purpose of the statute and (2) whether the balance of equities favors or disfavors the denial of fees. Gilbert v. City of Westminster, 177 F.3d 839, 870 (9th Cir. 1999).

Where fee awards are appropriate and available, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461U.S. at 437. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party and submitted affidavits." Gates v. Gomez, F.3d 525, 534–35 (9th Cir. 1995).

The Court has an independent duty to determine whether the hours and hourly rates submitted by the fee applicant are "reasonable," and to reach its own "lodestar" value, which is "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Hensley, 461 U. S. at 433. In Hensley, the Supreme Court set forth twelve factors that may be considered in determining both the lodestar value and a potential adjustment.[2]

---

[2] The twelve factors identified are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) whether accepting the case precluded the attorney from taking other work; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hensley, 461 U.S. at 430 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

Id. at 430. The lodestar amount is "presumptively the reasonable fee amount," and should be adjusted upward or downward by a multiplier in "rare" or "exceptional" cases only. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

## III. DISCUSSION

Plaintiff argues that as the prevailing party in this action, he is entitled to an award of attorneys' fees. Mot. at 3. Plaintiff asserts that as of the filing of this motion, his attorney, Stratton Barbee, has spent 1,334.9 hours working on this case, and that Mr. Barbee's paralegal, Jean-Marie Barbee, worked on this case for 201.9 hours.[3] Id. at 4 (citing Ex. A–Time Log; Declaration of Stratton Barbee). Plaintiff asserts that a reasonable hourly rate for Mr. Barbee's services is $415 per hour and that a reasonable rate for Mrs. Barbee's services is $150 per hour. Id. In total, plaintiff argues that he is entitled to $601.618.50 in attorneys' fees.[4] Plaintiff further argues that an attorneys' fee award of this sum is warranted in order to entice attorneys to accept civil rights cases, that the Court should defer to plaintiff's counsel regarding the time necessary to litigate this case, and that the amount of time plaintiff's counsel spent on this case was reasonable. Id. at 10–14.

In opposition, Deputy Bocanegra argues that plaintiff is not entitled to an award of attorneys' fees even though plaintiff "technically prevailed" on his excessive force claim. This is so, according to Deputy Bocanegra, because plaintiff's $2,000 recovery was effectively *de minimis* in light of the fact that plaintiff sought $1.6 million in damages.[5] Opp'n at 3–6. Deputy Bocanegra further argues that the lodestar factors also militate against

---

[3] Plaintiff's counsel asserts that he expects to spend an additional 35 hours between his reply in support of this motion, pleadings and a hearing concerning costs, and on motions to amend the judgment and for a new trial on the issue of vicarious liability.

[4] Plaintiff explains that this fee includes work on plaintiff's unsuccessful claims against Deputies Alvarado and Serrano because those claims were related to the claims against Deputy Bocanegra. However, insofar as the Court is disinclined to award fees for work done exclusively on these claims, plaintiff's counsel asserts that his office's billable hours are 1,446.1 and that $557,763.50 in attorneys' fees should be awarded. Mot. at 4.

[5] In the alternative, Deputy Bocanegra contends that plaintiff's minimal recovery requires that any attorneys' fee award be substantially reduced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

an attorneys' fee award near what plaintiff requests.  In this respect, Deputy Bocanegra maintains that plaintiff's calculation improperly includes time spent on unsuccessful or unrelated claims, that the calculation improperly includes time spent on both the first trial and the retrial, and that plaintiff's counsel's "excessive" billing is not supported by adequate recordkeeping.  Id. at 14–18.  Finally, Deputy Bocanegra argues that the reasonable rate for plaintiff's counsel's services is far below $415 per hour, and that the paralegal fees sought are not recoverable.  Id. at 19–24.  Thus, Deputy Bocanegra contends that any attorneys' fee award should be between $25,000 and $32,349.

As an initial matter the Court rejects Deputy Bocanegra's contention that plaintiff's recovery was _de minimis_ such that he is not entitled to an award of attorneys' fees.  Even though plaintiff recovered only $2,000 in damages, "[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases . . . to depend on obtaining substantial monetary relief."  City of Riverside v. Rivera, 477 U.S. 561, 575 (1986).  Further, the Court notes that juries are often reluctant to award large verdicts against police officers.  Id. at 571 (citing the district court).[6]

The Court also rejects Deputy Bocanegra's argument that plaintiff is not entitled to fees for services provided by Mrs. Barbee.  Work performed by paralegals may be compensated as part of an attorneys' fee award.  See Missouri v. Jenkins, 491 U.S. 274, 286–88 (1989) (discussing billing for paralegal time).  Plaintiff is therefore permitted to recover reasonable fees for services provided by Mrs. Barbee.

Nevertheless, the Court finds that plaintiff's fee request must be significantly reduced for several reasons.

---

[6] Farrar v. Hobby, 506 U.S. 103, 114–15 (1992); Gray ex rel. Alexander v. Bostic, 613 F.3d 1035, 1040–43 (11th Cir. 2010); and Ollis v. HeathStone Homes, Inc., 495 F.3d 570, 577 (8th Cir. 2007), cited by Deputy Bocanegra, do not compel a contrary result.  In each of those cases, the plaintiffs recovered only nominal damages.  However, the Court is mindful that "the degree of the plaintiff's overall success goes to the reasonableness" of the fee award.  Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 793 (1989).  For this reason, as discussed below, the Court applies a downward adjustment to plaintiff's attorneys' fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|----------|----------------------|------|---------------|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

### A.    Reasonable Rate

The Court concludes that plaintiff's counsel's claimed attorney and paralegal rates should be reduced in light of the applicable prevailing market rate factors. An attorney's reasonable hourly rate, for purposes of a § 1988 fee award, is "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Blum v. Stenson, 465 U.S. 886, 895 (1984). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. at 896. The appropriate rate generally is the market rate in the community where the case is litigated. Simmons v. New York City Transit Auth., 575 F.3d 170, 175–76 (2d Cir. 2009) ("district court must first apply presumption in favor of forum rule"); Carson v. Billings Police Dept., 470 F.3d 889, 891 (9th Cir. 2006). Here, plaintiff has submitted no evidence concerning the appropriate rate for attorneys of comparable skill, experience, and reputation. Instead, plaintiff relies on attorney declarations filed in Chaudry v. City of Los Angeles, CV 09-1592 RGK (RZx), as well as on fee awards in other California cases. Deputy Bocanegra submits the declaration of Los Angeles Civil Rights Attorney Brian Dunn, who places the rate at $150 per hour for an attorney with plaintiff's counsel's experience. The Court has reviewed declarations provided in support of a motion for attorneys' fees in a recent civil rights case, and finds that the appropriate rate for an attorney with the experience of plaintiff's counsel is $325.[7] This rate reflects that Mr. Barbee has been a practicing attorney for 9 years, but that at the outset of this case, he had minimal experience litigating civil rights claims and that this case did not involve particularly complex issues.[8] For similar reasons, the Court finds that the appropriate rate for Mrs.

---

[7] Specifically, the Court has reviewed the Declarations of Barret S. Litt and Carol A. Sobel submitted in support of a motion for attorneys' fees in Rauda v. City of Los Angeles, CV 08-3128 CAS (PJWx), in which Mr. Litt and Ms. Sobel placed the reasonable rate for Los Angeles civil rights attorneys between $350 and $650 per hour.

[8] Plaintiff's reliance on Riverside v. Rivera, 477 U.S. at 575, for the proposition that the Court should apply the same attorney rate for civil rights claims as antitrust claims is misplaced. In that case, the Supreme Court stated that "Congress made clear that it intended that the amount of fees awarded under [§ 1988] be governed by the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|----------|------------------------|------|---------------|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

Barbee's services is $125 per hour.

    **B.**    **Reasonable Hours**

    The Court finds that plaintiff's fee request improperly includes time spent working on claims unrelated to his claim for excessive force.  Time spent on unsuccessful or unrelated claims may be excluded from the lodestar calculation.  <u>Traditional Cat Ass'n, Inc. v. Gilbreath</u>, 340 F.3d 829, 832–34 (9th Cir. 2003).  Claims are related if they involve a common core of facts or are based on related legal theories.  <u>Odima v. Westin Tucson Hotel</u>, 53 F.3d 1484, 1499 (9th Cir. 1995).  Claims are unrelated and therefore excluded from the lodestar calculation where they are "distinct and separate" from the claims on which the party prevailed.  <u>Sorenson v. Mink</u>, 239 F. 3d 1140, 1146–47 (9th Cir. 2001).  Here, plaintiff argues that his claims based on his arrest by Deputies Alvarado and Serrano are related to his claims based on the use of force by Deputy Bocanegra against plaintiff in the detention facility 36 hours later.  Specifically, plaintiff contends that due to his frustration about his arrest, he called a sheriff's deputy a "Turkey Neck."  Plaintiff contends that Deputy Bocanegra used force against him in retaliation for this remark.  Plaintiff also contends that his claim for deliberate indifference to a serious medical need is also related to Deputy Bocanegra's use of force. Mot. at 12–14.  The Court disagrees.  Plaintiff's claims against Deputies Alvarado and Serrano are unrelated to his claim against Deputy Bocanegra because Deputies Alvarado and Serrano, who were sued for their conduct leading up to plaintiff's arrest, cannot reasonably be linked to events that occurred after plaintiff's arrival at the detention facility.  Similarly, plaintiff's claim for deliberate indifference is unrelated to his claim for excessive force against Deputy Bocanegra because whether or not anyone at the detention facility was deliberately indifferent to plaintiff's serious medical need was not contingent upon the reasonableness or excessiveness of Deputy Bocanegra's use of force.

---

standards which prevail in other types of equally complex Federal litigation, such as antitrust cases."  <u>Id.</u>  This means that the same standards should apply, not necessarily the same rates.

    And, while plaintiff relies on the declarations submitted in <u>Chaudry</u>, in that case, Judge Klausner found that the reasonable rate was $325 despite the fact that the plaintiffs recovered $1.7 million in a complex suit for wrongful death.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|----------|------------------------|------|---------------|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

Because plaintiff's counsel has failed to delineate the time spent on plaintiff's claims against Deputy Bocanegra, versus the time spent on his other claims, the Court finds it appropriate to reduce the claimed hours for the period up to the conclusion of the first trial. Upon review of the record, the Court notes that only approximately one third of the initial trial, discovery, and pretrial motion practice was dedicated to plaintiff's claims against Deputy Bocanegra. Thus, the Court finds that plaintiff's counsel's claimed hours should be reduced by at least 67%. Further, the Court concludes that the jury's finding against plaintiff on all but one of his four claims against Deputy Bocanegra justifies an additional reduction of plaintiff's counsel's claimed hours for the first trial by 75%.[9]

The Court also finds it appropriate to reduce the claimed hours for the period after the conclusion of the first trial. This is so because plaintiff's counsel's work for the second trial apparently involved substantial duplication of effort from the first trial. Nevertheless, the Court finds that plaintiff is entitled to reasonable fees for the time his counsel spent opposing defendants' motion for judgment as a matter of law, at trial, and on the instant motion for attorneys' fees. Upon review of plaintiff's counsel's time log, the Court finds that 52.1 hours of attorney time and 7.9 hours of paralegal time were devoted to plaintiff's opposition to defendants' motion for judgment as a matter of law, that 26 hours of attorney time were expended at trial, and that 162 hours in attorney time and 12.3 hours in paralegal time were spent on plaintiff's motion for attorney's fees. Adding these hours yields 240.1 hours in attorney time 20.2 hours in paralegal time expended after the conclusion of the first trial.

Finally, the Court finds that excessive billing and inadequate documentation justify a further reduction of the claimed hours. A court may reduce the hours claimed when the documentation is inadequate or the time was not "reasonably expended." Sorenson, 239 F.3d at 1146; Chalmers v. Los Angeles; 796 F.2d 1205, 1210 (9th Cir. 1986); Saizan v. Delta Concrete Prods. Co., Inc., 448 F.3d 795, 799–800 (5th Cir. 2006) (applicant bears burden of

---

[9] Plaintiff's counsel claims 1002.9 hours of attorney time and 201.9 hours of paralegal time prior to the conclusion of the first trial. Reducing each of these numbers by 67% to account for the fact that only one third of the initial trial related to plaintiff's claims against Deputy Bocanegra results 333.97 hours in attorney time and 67.23 hours in paralegal time. Further reducing each of these numbers by 75% to account for the fact that the jury found against plaintiff on all but one of his four claims against Deputy Bocanegra yields 83.5 hours in attorney time and 16.8 hours in paralegal time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

showing "reasonableness of . . . hours billed" and exercise of "billing judgment," a 10% lodestar reduction was warranted where vague records did not indicate time written off as excessive or unproductive; <u>Fabi Const. Co., Inc. v. Secretary of Labor</u>, 541 F.3d 407, 411–12 (D.C. Cir. 2008) (billing defects, including lumping tasks together, inadequate detail and irrelevancy, supported 25% reduction in fee award).  While plaintiff's counsel need not record in great detail how each minute of his time was expended, he is at least required to "identify the general subject matter of his time expenditures." <u>Flitton v. Primary Residential Mortg. Inc.</u>, 614 F.3d 1173, 1178 (10th Cir. 2010).  Here, plaintiff's counsel's time log appears to contain significant overbilling for various tasks including but not limited to: (1) expenditure of more than 8 hours to oppose defendants' 4 page ex parte application to continue trial on the grounds that defense counsel was engaged in another trial; (2) expenditure of 162 hours on the instant attorneys' fee motion; and (3) excessive entries for communications between counsel.  The time log is also plagued by vague entries.  For example, none of the entries for "legal research" include s any description of what issues plaintiff's counsel researched.  This failure prevents the Court from ascertaining whether the amount of time expended by plaintiff's counsel was reasonable.  Accordingly, the Court finds it appropriate to further reduce plaintiff's counsel's claimed hours by 20%.[10]

Multiplying the reasonable rates discussed above by the reasonable hours, the Court finds that plaintiff lodestar amount is $87,836.

**C.    Lodestar adjustment**

Although the lodestar amount is presumed reasonable, courts may adjust the lodestar upward or downward based on facts not subsumed in the initial lodestar calculation. <u>Sorenson</u>, 239 F.3d at 1149 n.4.  Here, the Court finds that given plaintiff's relatively minimal recovery in this action,[11] a downward adjustment by $25,000 is appropriate.

---

[10]  Adding together the total number of hours for the first and second trials yields 323.6 hours in attorney time and 37 hours in paralegal time.  Reducing each of these numbers by 20% results in 258.88 hours of attorney time and 29.6 hours in paralegal time.

[11] The Court notes that the jury declined to award damages for emotional distress and found an absence of fraud, oppression, or malice, precluding punitive damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7832 CAS (AJWx) | Date | June 11, 2012 |
|---|---|---|---|
| Title | STEPHEN ARTHUR DUBOSE v. COUNTY OF LOS ANGELES; ET AL. | | |

## IV.    CONCLUSION

In accordance with the foregoing, plaintiff's motion for attorneys' fees is GRANTED in part.  Plaintiff is awarded $62,836 in attorneys' fees.

IT IS SO ORDERED.

|  | 00 | : | 13 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |