JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ARTHUR DUBOSE, | Case No.: CV09-07832 CAS (AJWx) |
| Plaintiff, | |
| v. | **JUDGMENT** |
| COUNTY OF LOS ANGELES; ALEJANDRO BOCANEGRA; JEFFREY ALVARADO; and ERIKA SERRANO | |
| Defendants. | |

## PRETRIAL PROCEEDINGS

During the course of this lawsuit, this Court entered various rulings concerning the claims of plaintiff STEPHEN ARTHUR DUBOSE ("plaintiff") including, but not limited to, dispositive motions filed by defendants COUNTY OF LOS ANGELES ("the COUNTY"), ALEJANDRO BOCANEGRA ("Bocanegra"), JEFFREY ALVARADO ("Alvarado") and ERIKA SERRANO ("Serrano") (collectively "defendants").

On April 8, 2011, the Court granted defendants' motion for partial summary judgment with respect to plaintiff's ninth cause of action to the extent that it alleged a Monell claim against the COUNTY.

# TRIAL

This action came on regularly for trial on July 26, 2011, in Courtroom 5 of the United States District Court, the Honorable Christina A. Snyder, presiding. Plaintiff appeared by Attorney Stratton S. Barbee. Defendants appeared by Attorney Timothy J. Kral.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence, and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special issues. With respect to the balance of plaintiff's claims, the jury deliberated and returned the following verdict in favor of defendants and against plaintiff on August 8, 2011:

# SPECIAL VERDICT

**ISSUE 1:   4th Amendment – Vehicle Stop**

1.   Did Deputy Alvarado and/or Deputy Serrano act unreasonably by stopping plaintiff because of Vehicle Code violations?

    Deputy Alvarado        YES_____        NO __X___
    Deputy Serrano         YES _____       NO __X___

**ISSUE 2:   California "Bane Act" — Vehicle Stop and Arrest of Plaintiff**

2.   Did Deputy Alvarado and/or Deputy Serrano interfere with plaintiff's right to be free from unreasonable seizure by threatening or committing violent acts?

|   | Deputy Alvarado | YES_____ | NO __X___ |
|---|---|---|---|
|   | Deputy Serrano  | YES _____ | NO __X___ |

**ISSUE 3:    False Arrest**

3.    Did Deputy Alvarado and/or Deputy Serrano intentionally cause plaintiff to be wrongfully arrested pursuant to a warrant?

|   | Deputy Alvarado | YES_____ | NO ___X__ |
|---|---|---|---|
|   | Deputy Serrano  | YES _____ | NO ___X__ |

If your answer to Question No. 3 is "yes" for one or both deputies, then answer Question No. 4.  If you answered "no" for both deputies, answer no more questions on this issue, and proceed to Question 5.

4.    Did Deputy Alvarado and/or Deputy Serrano, based on the facts and circumstances known to them at the time, reasonably believe that Mr. Dubose was driving the vehicle without the consent of the owner?

|   | Deputy Alvarado | YES_____ | NO _____ |
|---|---|---|---|
|   | Deputy Serrano  | YES _____ | NO _____ |

**ISSUE 4:    4th Amendment – Excessive Force**

5.    Did Deputy Bocanegra use unreasonable force upon plaintiff?

YES _____    NO _____

///

**ISSUE 5:   California "Bane Act" — Excessive Force**

6.   Did Deputy Bocanegra use unreasonable force upon plaintiff?

   YES _____     NO ___X___

**ISSUE 6:   Battery by a Peace Officer**

7.   Did Deputy Bocanegra use unreasonable force upon plaintiff?

   YES _____     NO ___X___

**ISSUE 7:   14th Amendment – Medical Care**

8.   Did Deputy Bocanegra know of plaintiff's serious medical need and deliberately fail to take reasonable measures to address it?

   YES _____     NO ___X___

**ISSUE 8:   Intentional Infliction of Emotional Distress**

9.   Did Deputy Alvarado, Deputy Serrano, and/or Deputy Bocanegra intentionally cause plaintiff to suffer severe emotional distress by engaging in outrageous conduct?

   Deputy Alvarado     YES_____     NO __X___
   Deputy Serrano      YES _____    NO __X___
   Deputy Bocanegra YES _____       NO __X___

**ISSUE 9:   Damages**

10.   If your answer was "yes" in response to Questions 1, 2, 3, 5, 6, 7, 8, or 9 of this special verdict form, or if your answer was "no" in response to Question 4 of this special verdict form, what are plaintiff's damages, if any?

      Past emotional pain and suffering      $_____

      Past physical pain and suffering      $_____

If you did not award damages to plaintiff in response to Question No. 10, please date, sign, and return the form to the clerk. If you awarded damages to plaintiff, respond to Question No. 11.

11.   If you decide that Deputy Alvarado's or Deputy Serrano's or Deputy Bocanegra 's conduct caused damage to plaintiff, did plaintiff prove by clear and convincing evidence that Deputy Alvarado or Deputy Serrano or Deputy Bocanegra acted with malice, oppression, or in reckless disregard of plaintiff's rights, entitling plaintiff to punitive damages?

      Deputy Alvarado    YES_____    NO _____
      Deputy Serrano    YES _____    NO _____
      Deputy Bocanegra YES _____    NO _____

Please date, sign, and return this form to the clerk.

Dated:  August 8, 2011      Signed:_____
                                          Presiding Juror

///

# POST-VERDICT MOTION

On February 7, 2012, the Court denied defendants' motion for judgment as a matter of law, and ordered a new trial as to plaintiff's §1983 claim and plaintiff's claim for battery by a peace officer.

# RETRIAL

This action came on regularly for trial on March 27, 2012, in Courtroom 5 of the United States District Court, the Honorable Christina A. Snyder, presiding. Plaintiff appeared by Attorney Stratton S. Barbee. Defendants appeared by Attorney Timothy J. Kral.

A jury of eight persons was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence, and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special issues. With respect to the balance of plaintiff's claims, the jury deliberated and returned the following verdict in favor of plaintiff and against defendant on March 30, 2012:

1. Did Deputy Bocanegra use unreasonable force upon plaintiff?

    YES ___X___     NO _____

2. If your answer was "yes" in response to Question 1 of this special verdict form, what are plaintiff's damages, if any?

    Past emotional pain and suffering         $___0_____
    Past physical pain and suffering          $__2,000.00_

If you did not award damages to plaintiff in response to Question No. 2, please date, sign, and return the form to the clerk. If you awarded damages to plaintiff, respond to Question No. 3.

3. If you decide that Deputy Bocanegra's conduct caused damage to plaintiff, did plaintiff prove by a preponderance of the evidence that Deputy Bocanegra acted with malice, oppression, or in reckless disregard of plaintiff's rights, entitling plaintiff to punitive damages?

          Deputy Bocanegra YES _____    NO \_\_X\_\_\_\_

Please date, sign, and return this form to the clerk.

Dated: March 30, 2012        Signed:_____/s/_____
                                       Presiding Juror

THEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

1. Judgment is entered in favor of plaintiff STEPHEN ARTHUR DUBOSE and against defendants ALEJANDRO BOCANEGRA and the COUNTY OF LOS ANGELES, jointly and severally, in the amount of $2,000 (two thousand dollars).

2. Judgment is entered in favor of defendants JEFFREY ALVARADO and ERIKA SERRANO and against plaintiff STEPHEN ARTHUR DUBOSE.

///
///
///
///

3. Each party shall bear their own costs.

Dated: July 10, 2012

_____
Hon. Christina A Snyder
United States District Court Judge

Submitted By:

Timothy J. Kral, Esq. (State Bar No. 200919)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
tjk@manningllp.com

Attorneys for Defendants COUNTY OF LOS ANGELES, ALEJANDRO BOCANEGRA, JEFFREY ALVARADO and ERIKA SERRANO